UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00054-JPH-DLP |
| | ) |
| DICK BROWN Warden, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Joshua Taylor petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number WVE 19-08-0104. For the reasons explained in this Order, Mr. Taylor's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On August 25, 2019, Indiana Department of Correction (IDOC) Correctional Officer T. Scott wrote a Report of Conduct charging Mr. Taylor with possession of intoxicants, a violation of the IDOC's Adult Disciplinary Code offense B-231. The Report of Conduct states:

> On 8-25-19 at approximately 10:40 p.m. I, c/o T. Scott was conducting a cell search of cell G-208. During the cell search I did find a clear trash bag containing a red liquid substance with the appearance and odor consistent with that of intoxicants. Offender Taylor, Joshua (DOC# 160810) resides in GHU cell 208.

Dkt. 10-1.

Mr. Taylor was notified of the charge on August 27, 2019, when he received the Screening Report. Dkt. 10-4. He pled not guilty to the charge. *Id.* Mr. Taylor asked for Sgt. Brewer as a witness to say which officer "found the hooch" and whether "his officer" gave Mr. Taylor a confiscation form. *Id.* He also asked for the video recording of the cell search to show which officer found "the hooch." *Id.*

The hearing officer reviewed the video evidence as Mr. Taylor requested and completed a video evidence review report. Dkt. 10-9. The report states:

> 10:49:50pm – time on video – Officer Scott and Officer Mesey enter cell GHU Left wing cell 208. Camera freezes
>
> 10:54:05pm – camera resumes – Officer Mesey is standing by the chase door holding the top of a bag. Officer Scott is at the doorway of cell 208
>
> 10:54:20pm – Officer Mesey picks the bag up, carries it down stairs, and places it beside wing door. The bag contains a liquid. Officer Scott enters cell 208 again then steps out of the cell and places something on the floor of the top range by cell 208.
>
> 10:55:41pm – Offender Taylor, Joshua 160810 and Offender White, Shaun 250069 are escorted back to their cell

*Id.*

Correctional Officer R. Mesey wrote a witness statement about the incident. It states:

2

> On 8-25-2019 at approximately 10:40 P.M. I, C/O R. Mesey was assisting C/O T. Scott conduct a cell search of cell G-208. During the cell search I did witness C/O Scott find a clear trash bag containing a red liquid substance with the appearance and odor consistent with that of intoxicants. Offender White, Shaun D.O.C. #250069 and Offender Taylor, Joshua D.O.C. #160810 reside in cell G-208.

Dkt. 10-12.

Mr. Taylor's cellmate, Shaun White, also provided a written statement about the incident.

> The intoxicant belong to me, not Joshua Taylor #160810. All Taylor had was a clear bag with water in it for working out. Officer bust it came out with a empty bag and the intoxicants I had[.]

Dkt. 10-10 [sic].

The disciplinary hearing was held on September 19, 2019. Mr. Taylor gave this statement:

> I do not feel like I am guilty do to the fact the video shows Officer Mesey exit cell with the bag Officer Scott never [possessed] it who wrote the write-up. Policy 04-03-103 interfering with investigation or falsing documentation.

Dkt. 10-8 (errors in original).

The disciplinary hearing officer considered Mr. Taylor's statement, the conduct report, the witness statements, the video evidence, and a witness statement given by Mr. Taylor for his cellmate's disciplinary hearing. *Id.* The hearing officer reported that he believed the conduct report to be true and found Mr. Taylor guilty of possessing intoxicants. *Id.* The sanctions imposed included the loss of ninety earned credit days. *Id.*

Mr. Taylor appealed to the Facility Head and the IDOC Final Reviewing Authority, where both appeals were denied. Dkt. 10-13. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    **C.    Analysis**

In his petition for a writ of habeas corpus, Mr. Taylor presents three grounds which he contends entitles him to relief. First, he argues that although his cellmate gave a statement claiming

3

ownership of the intoxicants, he was still found guilty. Second, Mr. Taylor argues that the officer who found the intoxicants should have been the one to write the conduct report. Last, he argues that the conduct report was not signed by a Captain or Lieutenant as is required by IDOC policy.

### 1. Ground One

Mr. Taylor's first argument is that because his cellmate—Shaun White—gave a statement claiming ownership of the intoxicants, the hearing officer should not have found Mr. Taylor guilty. This argument is without merit. Disciplinary hearing officers often have conflicting evidence before them and it is the sole responsibility of the hearing officer to assess the credibility of the witness or evidence, weigh the competing evidence, and decide what evidence is credible. In contrast, the Court's role is limited to assessing whether there was "some evidence" to support the outcome. *Ellison*, 820 F.3d at 274.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Id.*; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941).

In assessing whether there is some evidence, the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the

disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"). Here, the hearing officer said that he believed the conduct report and that provides some evidence to support the hearing officer's decision.

Habeas corpus relief on ground one of the petition is **denied**.

### 2. Grounds Two and Three

Mr. Taylor's second and third grounds for relief both assert violations of IDOC policy. There is no federal constitutional requirement that a conduct report be signed by a particular official, or that conduct reports be approved and signed by certain other officials. Such requirements are matters of IDOC policy and procedure or Indiana law and do not create federal due process rights by their application or omission.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v.*

*McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Accordingly, no habeas corpus relief can be granted on this basis.

Grounds Two and Three of Mr. Taylor's petition are without merit and are **denied**.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Taylor to the relief he seeks. Accordingly, Mr. Taylor's petition for a writ of habeas corpus challenging prison disciplinary case number WVE 19-08-0104 is **denied** and this action is **dismissed** with prejudice.

Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 1/28/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Joshua Taylor
160810
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Frances Hale Barrow
Indiana Attorney General
frances.barrow@atg.in.gov